FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ SEP 0 3 2010 ★

BROOKLYN OFFICE

**CARUSO GLYNN, LLC**
Attorneys for Plaintiff
53-04 193rd Street
Fresh Meadows, New York 11365
(718) 570-3338
Attorney: Lawrence C. Glynn (LG 6431)
CG File No.:  55.081910.01

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CLINT ARTHUR, individually and on behalf
of a class of similarly situated persons,

                       Plaintiff,

     -against-

LOUIS VUITTON NORTH AMERICA, INC.,
a Delaware corporation; LOUIS VUITTON
MALLETIER, S.A., a French corporation,
and DOES 2 through 10, inclusive,

                    Defendants.
-----------------------------------------------------------------x

# MISC 10-0612

Case No.:     10 Civ.    (    )

# ROSS, J.

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that plaintiff, Clint Arthur, individually and on behalf of a class

of similarly situated persons, by its attorneys, Caruso Glynn, LLC, will move this Court on

Wednesday, September 22, 2010 at 9:30 o'clock in the forenoon or as soon thereafter as counsel

may be heard, for an Order pursuant to Federal Rules of Civil Procedure 37(a)(2)(A) and

37(a)(2)(B) and Local Rules 37.2 and 37.3(c) compelling the non-party witness Yuko Sakata to

comply with a properly issued subpoena and appear for a deposition pursuant to Fed. R. Civ. P. 45,

and for such other and further relief as this Court may deem just and proper. In support of its

motion, plaintiff files contemporaneously herewith the Declaration of Daniel Engel, Esq. setting

forth the movant's good faith in conferring or attempting to confer with this non-party and/or her

counsel to secure the disclosure without court action, in accordance with Fed. R. Civ. P. 37(a)(2)

and L.R. 37.

Dated:  Fresh Meadows, New York
        September 3, 2010

Yours, etc.,

CARUSO GLYNN, LLC

By: _____
Lawrence C. Glynn (LG 6431)
Attorneys for Plaintiff
53-04 193rd Street
Fresh Meadows, New York 11365
(718) 570-3338
File No.:  55.081910.01

To:

Jackie Joseph, Esq.
**Eisner, Frank & Kahan, P.C.**
Attorney for Non-Party Witness
*Yuko Sakata*
9601 Wilshire Boulevard
Beverly Hills, California 90210
(310) 855-3200

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CLINT ARTHUR, individually and on behalf
of a class of similarly situated persons,

                              Plaintiff,                    Case No.:      10 Civ.        (    )

          -against-

                                                            **DECLARATION OF**
                                                            **DANIEL ENGEL, ESQ.**
LOUIS VUITTON NORTH AMERICA, INC.,
a Delaware corporation; LOUIS VUITTON
MALLETIER, S.A., a French corporation,
and DOES 2 through 10, inclusive,

                              Defendants.
-------------------------------------------------------------x

      Daniel Engel, Esq., under the penalties of perjury, declares as follows:

1.   I am an attorney for the plaintiff, Clint Arthur, and am duly admitted to the Bar of the State of California and am fully familiar with the facts of this matter through my review of the file maintained by this office in this regard.

2.   This Declaration is submitted in support of plaintiff's motion pursuant to Fed. R. Civ. P. 37(a)(2)(A) and 37(a)(2)(B) and Local Rules 37.2 and 37.3(c) for an Order compelling the non-party witness Yuko Sakata to comply with a properly issued subpoena and appear for a deposition pursuant to Fed. R. Civ. P. 45.

3. Ms. Sakata was personally served with a proper Subpoena on June 30, 2010.   A true and correct copy of the subpoena is annexed hereto as Exhibit A. A true and correct copy of the affidavit of service is annexed hereto as Exhibit B.   However, Ms. Sakata's address has been redacted to protect her privacy.

4. This matter involves defendants Louis Vuitton North America, Inc.'s ("LVNA") and Louis Vuitton Malletier, S.A.'s ("LVM") (collectively, "Louis Vuitton") unlawful sales of approximately 234 limited edition fine art multiples from the fully functional boutique it constructed and operated in the middle of The Museum of Contemporary Art's ("MOCA") Takashi Murakami exhibition in 2007.   Louis Vuittion willfully violated the California Sale of Fine Prints Act by, among others, providing misleading descriptions of the multiples and improper attributions of their origin.   Arthur's claims against Louis Vuitton arise from his purchase of two of these Multiples.   He is seeking remedies under the Fine Prints Act and California's Unfair Competition Law.

5. Discovery in this matter reveals that Yuko Sakata was intimately involved in the underlying transactions which surround and give rise to Arthur's claims.   Documents that were produced by MOCA and Infinity Global Packaging, Inc. ("IGP") in response to subpoenas which were served upon further support the level of this witness'

2

involvement.

6. Annexed hereto as Exhibit C is a true and correct copy of letter from MOCA's assistant curator in which she describes Ms. Sakata as the executive director of artist Takashi Murakami's studio, Kaikai Kiki. This document was produced by MOCA in response to my subpoena. Kaikai Kiki is located in Queens, New York.

7. Annexed hereto as Exhibit D is a true and correct copy of Ms. Sakata's email dated October 30, 2006 to MOCA Curator Paul Schimmel wherein she discusses how she and Takashi Murakami met with Mr. Yves Carcelle in Paris, France to discuss Louis Vuitton's involvement in the MOCA exhibition.

8. Annexed hereto as Exhibit E is a true and correct copy of a November 23, 2007 article published in the New York Times which describes Mr. Carcelle as being the Chairman and CEO of Louis Vuitton Malletier, S.A., a defendant in this lawsuit. I obtained this article online.

9. Here is a picture which I believe depicts Mr. Carcelle standing together with Takashi Murakami and former MOCA Director Jeremy Strick at the Takashi Murakami exhibition at MOCA:



10. Annexed hereto as Exhibit F is a true and correct copy of Yuko Sakata's June 07, 2006 email to Paul Schimmel wherein she relayed to him the fact that Takashi Murakami met with Bernard Arnault and passes on details of their discussion regarding Louis Vuitton's involvement with the Murakami Exhibit at MOCA.   This document was produced by MOCA in response to my subpoena.

11. Annexed hereto as Exhibit G is a true and correct copy of an article from Forbes magazine which identifies Mr. Arnault, the top executive and principal shareholder of the LVMH luxury goods empire, as having been the seventh wealthiest person on earth in 2007.

12. Here is a picture I obtained online which I believe to be Mr. Arnault posing in front of two Louis Vuitton themed Murakami paintings.



13. Annexed hereto as Exhibit H is a true and correct copy of an email thread dated August 14, 2007 between Ms. Sakata and Paul Schimmel wherein she suggested that Takashi Murakami wanted to "show" the subject Multiples within the LV boutique. This document is particularly illuminating, in that: 1) it is the first time that the Multiples were ever mentioned to MOCA, 2) Mr. Schimmel, MOCA's curator formed the belief they were "paintings"; and 3) no mention is made of any intention to sell 500 of them from inside the exhibition. This document was produced by MOCA in response to my subpoena.

14. Annexed hereto as Exhibit I is a true and correct copy of an email dated August 6, 2007 from Ms. Sakata to MOCA's public relations staff wherein she relayed Takashi Murakami's desire to include a statement attributable to him in the press release announcing that Louis Vuitton would install a boutique in the exhibition that: "I believe that the art market surrounding me will be able to include both mass-market fashion products and high art, and I will present a new artwork/product in the Louis Vuitton Boutique for (c)MURAKAMI." No mention is made about selling them. This document was produced by MOCA in response to my subpoena.

15. Annexed hereto as Exhibit J is a true and correct copy of Aaron

5

Talbott's October 7, 2007 email to Ms. Sakata about the Takashi Murakami's personal involvement in the production of the Multiples (which he calls "MOCA stretched canvas). This document was produced by IGP in response to my subpoena.

16. Mr. Talbott was the person at IGP who was principally responsible for producing the Multiples for Louis Vuitton. Louis Vuitton identified Mr. Talbott as being one of the witnesses they intend to call at trial in their Rule 26 disclosures. Annexed hereto as Exhibit J is a true and correct copy of those disclosures.

17. Annexed hereto as Exhibit K is a true and correct copy of Ms. Sakata's October 9, 2007 email to Aaron Talbott advising that she sent him the "canvas sample" that he needed for IGP to go into production of the Multiples. This document was produced by IGP in response to my subpoena.

18. Annexed hereto as Exhibit L is a true and correct copy of Ms. Sakata's June 10, 2007 email to Marc Mauclair where she mentions how she was involved in reviewing the samples of Multiples. This document was produced by IGP in response to my subpoena.

19. Marc Mauclair is the Louis Vuitton employee whose declaration was the only evidence that was submitted by Louis Vuitton in support of their Motion for Summary Judgment. Annexed hereto as Exhibit M is a true and correct copy of the Declaration of Marc Mauclair, which

6

bears document number 103.

20. Annexed hereto as Exhibit N is a true and correct copy of IGP employee Richard Hirt's October 7, 2007 email to Aaron Talbott wherein he states his understanding that Ms. Sakata was going to going to arrange to send the original sample from Japan that would be used as a template for manufacturing the Multiples.   This document was produced by IGP in response to my subpoena.

21. Annexed hereto as Exhibit O is a true and correct copy of Ms. Sakata's October 9, 2007 email to Marc Mauclair advising that she and Takashi Murakami had reviewed a sample Multiple, and communicating to him Takashi Murakami's feedback.   This document was produced by IGP in response to my subpoena.

22. Annexed hereto as Exhibit P is an October 7, 2007 email to Ms. Sakata about the Takashi Murakami's personal involvement in the production of the Multiples (which he calls "MOCA stretched canvas).

23. Annexed hereto as Exhibit Q and R are excerpts that contain LVNA's responses to interrogatories and supplemental responses, respectively, wherein they stated, twice, that Murakami's company prepared the certificates and the brochure, both of which plaintiff contends were misleading and in violation of the FPA. Given Ms. Sakata's direct, personal involvement with these critical issues, these

responses put to rest any argument that Ms. Sakata's testimony is not likely to lead to the discovery of admissible evidence.

24. Nevertheless, Ms. Sakata, through her counsel, has continually refused to appear for her deposition.

25. Following numerous e-mail and letter exchanges with Ms. Sakata's counsel, a conference pursuant to Local Rule 37.3 was scheduled for August 25, 2010.

26. On August 25, 2010, at 10:30 a.m. PDST, the undersigned attended a telephonic conference with Jackie Joseph, Esq., counsel for Ms. Sakata. Also on the conference call was plaintiff's local counsel, Lawrence C. Glynn. Following a nearly 90 minute conference, the undersigned and Mr. Glynn were unable to resolve this discovery dispute.

27. Ms. Sakata's testimony in this matter is necessary as it is reasonably calculated to lead to the discovery of admissible evidence. Ms. Sakata, through her counsel, has refused to attend her deposition relying on a blanket objection of relevance. However, "[Rule 45] is tied in with... Rules 26-37..." and "allows discovery of any unprivileged matter 'relevant to the subject matter involved in the pending action,' but does not insist that the material sought itself qualify as 'evidence'. It permits pursuit of any 'information ... reasonably calculated to lead to the discovery of admissible

evidence.'" Fed. R. Civ. P. 45, advisory committee's notes to 1991 amendment. Further, "[t]he non-party witness is subject to the same scope of discovery under [Rule 45] as that person would be as a party to whom a request is addressed pursuant to [Rule 30]." Fed. R. Civ. P. 45, advisory committee's notes to 1991 amendment. Thus, a request to appear for a deposition submitted to a non-party meets the standard of relevance so long as it is reasonably calculated to lead to the discovery of admissible evidence. See *First American Corp. v. Price Waterhouse LLP*, 154 F.3d 16, 21 (2nd Cir., 1998); *United States ex rel. Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal. 2002). This request easily meets that standard.

WHEREFORE, plaintiff respectfully requests that this Court now issue an Order compelling Yuko Sakata to appear at a deposition in this matter pursuant to Fed. R. Civ. P. 45 and for such other and further relief as this Court deems just and proper.

Dated: New York, New York
August 26, 2010

Daniel Engel, Esq.

AO 88A  (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | | |
|---|---|---|
| Clint Arthur | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   CV08-04731 AHM (FFMx) |
| Louis Vuitton North America, Inc., et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Central District of California |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To:  YUKO SAKATA

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  89-00 Sutphin Blvd., Suite 402<br>Jamaica, NY 11241 | Date and Time:<br><br>07/12/2010 10:00 am |
|---|---|

The deposition will be recorded by this method:   stenographically with "livenote" and by audiovisual recording

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  *6-23-10*

CLERK OF COURT

OR

_____          _____
Signature of Clerk or Deputy Clerk          Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*      Clint Arthur
_____ , who issues or requests this subpoena, are:
Daniel E. Engel, Esq., 18150 Archwood Street, Reseda, CA 91335-5502, dan@engellawfirm.com, 818-345-2634

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No.  CV 08 04731 AHM (FFMx)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   Yuko Sakata
was received by me on *(date)*    06/24/2010    .

☑ I personally served the subpoena on the individual at *(place)*   73 12 35th Avenue #B 52 Jackson Heights NY

_____     on *(date)*    06/29/2010    ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____     on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ Other *(specify):*


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$       40.00       .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .


I declare under penalty of perjury that this information is true.

Date:    07/07/2010    _____            _____
                                                                          *Server's signature*

                                                                       Juan Pereira NYC DCA 0862954
                                                                          *Printed name and title*

                                                                          c/o NY Server LLC
                                                                   173 N Main #375 Sayville NY 11782
                                                            _____
                                                                          *Server's address*

Additional information regarding attempted service, etc:

6/30/2010 800 AM Female/Asian/Black/21-35yrs/5'4-5'8/100-130lbs

<myoshitake@moca.org>          To:      <m.sharf@us.vuitton.com>
                               cc:
                               Subject:     FW: Image Permission
04/30/2007 01:06 PM            Request for Takashi Murakami Press Conference


      LV1.jpg(43KB)  LV2.jpg(48KB)  LV3.jpg(74KB)  LV4.jpg(42KB)
LV5.jpg(28KB)
View As Web Page

Dear Monica Sharf,

I was referred to you by Yuko Sakata, executive director of artist Takashi
Murakami's studio, Kaikai Kiki, New York. I am writing on behalf of Chief
Curator Paul Schimmel at the Museum of Contemporary Art, Los Angeles, who
is currently organizing a retrospective exhibition on Murakami.

We are currently preparing for a press conference (Friday, May 4th) of the
exhibition at the artist's studio in New York, and would like request
permission to distribute hard copies of the attached five images displaying
Murakami's LV desgins at the Louis Vuitton Omotesando store in Tokyo. We
would like to include these images as part of a press packet displaying an
overview of the exhibition. Please also provide correct caption information
where available.

Thank you very much in advance for your assistance.

All best,
Mika Yoshitake

Mika Yoshitake
Curatorial Research Assistant for Murakami ©
MOCA THE MUSEUM OF CONTEMPORARY ART
tel 213/ 621-1720    fax 213/ 620-8674 (See attached file: LV1.jpg)(See
attached file: LV2.jpg)(See attached file: LV3.jpg)(See attached file:
LV4.jpg)(See attached file: LV5.jpg)


      kMDItemTitle

      Re: LV Images / Image License Agreement

MOCA001580

| | |
|---|---|
| **From:** | Emily Sudd |
| **To:** | Mika Yoshitake |
| **Sent:** | 10/30/2006 9:19:10 AM |
| **Subject:** | FW: Louis Vuitton |

```
-----Original Message-----
From: Yuko Sakata [mailto:yuko@kaikaikikiny.net]
Sent: Monday, October 30, 2006 7:27 AM
To: Paul Schimmel
Cc: Emily Sudd
Subject: Louis Vuitton
```

Dear Paul,

I hope this email finds you very well.

I just got back from Paris and wanted to let you know that Takashi and I had a chance to speak with Yves Carcelle, the president of LVMH regarding Takashi's 2007 show. He was quite happy with the idea of the store and there still seems to be a very good possibility. Do you have a moment to briefly speak with me on the phone today?

Please let me know if there is any particular time that is convenient for me to call. Thank you so much.

All the best,
Yuko

Yuko Sakata
Kaikai Kiki NY
5-17 46th Road
Long Island City, NY 11101
tel. +1.718.706.2213
fax. +1.718.706.2218/+1.718.732.2938

MOCA006932

Welcome to TimesPeople
Get Started

TimesPeople recommended: Not-So-Magic Carpet Ride

6:26 PM ▾    Recommend

HOME PAGE | TODAY'S PAPER | VIDEO | MOST POPULAR | TIMES TOPICS                  Log In   Register Now

The New York Times

# Style

Search All NYTimes.com [          ] Go

ING ✦ DIRECT

WORLD   U.S.   N.Y. / REGION   BUSINESS   TECHNOLOGY   SCIENCE   HEALTH   SPORTS   OPINION   ARTS   STYLE   TRAVEL   **JOBS**   REAL ESTATE   AUTOS

FASHION & STYLE   DINING & WINE   HOME & GARDEN   WEDDINGS/CELEBRATIONS   T MAGAZINE   GLOBAL STYLE

Advertise on NYTimes.com

# Yves Carcelle, chairman and chief executive, Louis Vuitton

Published: Friday, November 23, 2007

Yves Carcelle joined the LVMH group in 1989 as Strategic Director, before becoming Chairman and CEO of Louis Vuitton Malletier in 1990.

After eight years in this position, Carcelle was appointed Chairman and CEO of the LVMH Fashion Group, overseeing brands including Louis Vuitton, Loewe, Celine, Christian Lacroix, Givenchy, Donna Karan, Kenzo, Berluti, Stefanobi, MarcJacobs, Emilio Pucci, Fendi and Thomas Pink.

In 2002, he returned to an enlarged Louis Vuitton Malletier as President. The 59-year-old Frenchman previously held the post of President of Descamps, the French luxury household linen house, successfully turning around the company's fortunes.

Prior to this, he worked with the Absorba clothing brand at Poron, and Blenda Pharm Laboratory, having begun his career as a Product Manager at Spontex.

Mr. Carcelle is a mathematics graduate from the École Polytechnique in Paris and gained a Master of Business Administration at INSEAD, France.

✉ TWITTER
✉ SIGN IN TO E-MAIL
🖨 PRINT
➕ SHARE

Advertise on NYTimes.com

## MOST POPULAR

E-MAILED   BLOGGED   SEARCHED   VIEWED

1. Formula to Grade Teachers' Skill Gains Acceptance, and Critics
2. Maureen Dowd: Not-So-Magic Carpet Ride
3. Roger Ebert: No Longer an Eater, Still a Cook
4. Does Your Language Shape How You Think?
5. Frank Rich: The Billionaires Bankrolling the Tea Party
6. Well: Phys Ed: Does Stretching Before Running Prevent Injuries?
7. They Crawl, They Bite, They Baffle Scientists
8. Doctors Seek Way to Treat Muscle Loss
9. Thomas L. Friedman: You Ain't Seen This Before
10. OP-ED CONTRIBUTOR: Google's Earth

Go to Complete List »

More Articles in Style »

## INSIDE NYTIMES.COM

MAGAZINE »



Phys Ed: Does Stretching Prevent Injuries?

U.S. »



In Atlanta, Dialysis Deal for Illegal Immigrants

OPINION »

### Op-Ed: A Peace Plan Within Our Grasp

For the negotiations to succeed, we must rebuild trust and a sense of security, Hosni Mubarak writes.

TRAVEL »



Cajun Country: Po'boys and the Pink Panther

OPINION »

### Home Fires: War Is Over — for Some

Despite the president's announcement that the end of the war in Iraq is near, for many it will linger on.

DINING & WINE »



Restaurant Review: Il Matto

Home   World   U.S.   N.Y. / Region   Business   Technology   Science   Health   Sports   Opinion   Arts   Style   Travel   Jobs   Real Estate   Autos   Back to Top

Copyright 2009 The New York Times Company   Privacy Policy   Search   Corrections   🔲 RSS   First Look   Help   Contact Us   Work for Us   Advertise with Us   Site Map

**Emily Sudd**

| | |
|---|---|
| **From:** | Yuko Sakata [yukosakata@earthlink.net] |
| **Sent:** | Wednesday, June 07, 2006 8 16 PM |
| **To:** | Paul Schimmel |
| **Subject:** | LV? |

Dear Paul,

I hope all is well.
I wanted to let you know that Takashi saw Bernard Arnault at the LV show and party in
Japan and had a chance to speak with him.

When Takashi asked, Arnault apparently said that he knows nothing about Takashi's MOCA
show, that he has not met you, and that he is not aware of any such project or proposal.

From the way the conversation went, Takashi feels that even if your conversation has been
progressing, it doesn't look too likely that they would actually participate.  He feels
that they won't see much financial benefit in it and wouldn't want to contribute, or even
if they did it will be a very difficult organization. In short, he doesn't feel very
positive about this aspect of the show.

He just wanted me to convey this to you, but please let me know if you have any questions.
Thank you so much.

*Also, I trust that we are still waiting for your letter?

All best,
Yuko

Yuko Sakata
Kaikai Kiki NY
5-17 46th Road
Long Island City, NY 11101
tel. -1.718.706.2213
fax. -1.718.706.2218/-1.718.732.2938

1

MOCA000938



Become a member | Log In
Portfolio · Save $50 Forbes Stock Market Course
Make Forbes.com My Home Page
Bookmark This Page

**Forbes** Attaché

Home Page for the World's Business Leaders

Search    Stock Quote    Free Trial Issue

U.S.  EUROPE  ASIA

Home  Lists  Business  Tech  Markets  Personal Finance  Entrepreneurs  Leadership  ForbesLife  Opinions  Newsletters

Billionaires  Richest Americans  Celebrities  Largest Public Companies  Private Companies  Education  All Lists

E-Mail | Print | Comments | Request Reprints | E-Mail Newsletters | ⟋RSS

The World's Billionaires

# #7 Bernard Arnault

03.08.07, 6:00 PM ET

**Age:** 58

**Fortune:** inherited and growing

**Source:** LVMH

**Net Worth:** $26.0 bil

**Country Of Citizenship:** France

**Residence:** Paris , France, Europe & Russia

**Industry:** Diversified

**Marital Status:** married, 5 children

©Getty Images/Gabriel Bouys

**Education:** Ecole Polytechnique de Paris, Bachelor of Arts / Science

Put up $15 million from his family's midsize construction firm to buy Christian Dior in 1985. Since then has built the world's largest luxury goods empire, LVMH Moet Hennessy Louis Vuitton, whose brands also include Dom Pérignon, Fendi and Tag Heuer Still heads the company, which is expanding rapidly in China, Russia and India. LVMH recently hired Frank Gehry to design a $127 million private museum in Paris. Son Antoine, 27, joined sister Delphine, 31, on LVMH's board last year. Arnault also set up an investment fund with his good friend Albert Frere in 2006; pair own two wineries together. In December opened his four-star hotel Le Cheval Blanc in ski resort Courcheval, France, where he often spends New Year's Eve. Said to be a skilled pianist.

**Distribution of Billionaires by Residence**

Diameter of disc reflects size of fortune. The red disc indicates Bernard Arnault

**Trading Center**



**< Previous:** Sheldon Adelson                                    **Next:** Amancio Ortega **>**



Rank | Name | Citizenship | Age | Net Worth | Residence

For billionaires with publicly traded fortunes, net worths were calculated using share prices and exchange rates from February 9, 2007.

**More On This Topic**

**E-Mail Newsletters:** Sign Up Now To Stay Informed On A Range Of Topics
**Attaché:** Customize Forbes.com Now To Track This Author And Industry

**Article Controls**

E-Mail  |  Print  |  Comments  |  Request Reprints  |  E-Mail Newsletters

del.icio.us  |  Digg It!  |  My Yahoo!  |  RSS

**Related Sections**
Home > Lists > Billionaires

**Today On Forbes.com**



**Apple Unveils Apple TV**
Brian Caulfield
Steve Jobs unveils some shiny new gizmos. Chime in and tell us what you think about them.
- AppleTV And Piracy
- Will Apple Open Up To Outside Developers?
- Why Apple Chucked Intel For A4







Hyundai Is The One To Beat

Keeping Kids Safe On Social Networks

Entrepreneurship Lessons From Around The World

World's Most Beautiful College Campuses

News Headlines | More From Forbes.com | Special Reports

**Subscriptions >**

**Free Trial Issue of Forbes**          **Forbes Gift Subscription**
**Subscribe To Newsletters**           **Subscriber Customer Service**

SITEMAP   HELP   CONTACT US   INVESTMENT NEWSLETTERS   FORBES CONFERENCES   FORBES MAGAZINES

Ad Information  Self-Serve Advertising  Forbes.com Mobile  RSS  Reprints/Permissions
Subscriber Services  Privacy Statement  Terms, Conditions and Notices
2010 Forbes.com LLC™   All Rights Reserved





**From:**          Emily Sudd
**To:**            'Paul Schimmel'
**Sent:**          8/17/2007 1:58:29 PM
**Subject:**       FW: FW: Several additional works

Do you want to send this?

Emily Sudd

Executive Assistant to the Chief Curator

MOCA THE MUSEUM OF CONTEMPORARY ART

tel 213/ 621-1753 fax 213/620-8674


-----Original Message-----
From: Mika Yoshitake
Sent: Friday, August 17, 2007 1:32 PM
To: Paul Schimmel
Cc: Emily Sudd
Subject: RE: FW: Several additional works

Emily,

I think the response should come from Paul, so I've drafted the below email for
review/approval. I tried to be more specific and answer Yuko's question about insurance.

--Mika

------

Hi Yuko,

Thanks for your response. I believe it would be best for Takashi to lend the paintings to LVMH
and have them handle all aspects tour including insurance. Since the paintings will be part of
the LV Boutique component of the exhibition, we should keep them separate from the other
loans.

All my best,
Paul


-----Original Message-----
From: Emily Sudd On Behalf Of Paul Schimmel
Sent: Friday, August 17, 2007 12:46 PM
To: Melissa Altman
Cc: Mika Yoshitake
Subject: FW: FW: Several additional works


See Paul's response below:

Emily Sudd

Executive Assistant to the Chief Curator

MOCA THE MUSEUM OF CONTEMPORARY ART

tel 213/ 621-1753 fax 213/620-8674


-----Original Message-----

MOCA006960

From: Paul Schimmel [mailto:maxdean@earthlink.net]
Sent: Friday, August 17, 2007 12:41 PM
To: Paul Schimmel
Subject: Re: FW: Several additional works

Paul Schimmel wrote: it would be best if he lent to LVMH and had them
handle all aspects tour included it is not part of the show and we
should keep separate
> Emily Sudd
>
> Executive Assistant to the Chief Curator
>
> MOCA THE MUSEUM OF CONTEMPORARY ART
>
> tel 213/ 621-1753 fax 213/620-8674
>
> -----Original Message-----
> From: Melissa Altman
> Sent: Friday, August 17, 2007 9:00 AM
> To: Paul Schimmel
> Cc: Mika Yoshitake; Susan Jenkins
> Subject: FW: Several additional works
>
> I'm guessing that by willing to pay for it they are just talking about
> getting it to MOCA. It is still an added expense throughout the tour,
> and still makes me a little uneasy that they would be within the store
> without guard supervision.
>
> Additionally, I heard from my shipper this morning that because Grid
> Kinoko will be ready so late (2nd week of October) we will not be able
> to put that on a shuttle to LA. This means that we would have to ship
> with an exclusive use truck which would be an additional $11,000.
>
>
>
> -----Original Message-----
> From: Yuko Sakata [mailto:yuko@kaikaikikiny.net]
> Sent: Friday, August 17, 2007 7:43 AM
> To: Paul Schimmel; Mika Yoshitake
> Cc: 'Masako Iida'; Melissa Altman; 'Joshua Weeks'
> Subject: RE: Several additional works
>
> Dear Paul,
>
> Thank you for your message below. I have discussed with Takashi and he
> has decided that Kaikai Kiki will take care of it. We won't be able
> to ask you
> to cover them with your insurance either, correct?
>
> Just wanted to make sure.
> Thank you again.
>
> All best,
> Yuko
>
> Yuko Sakata
> Kaikai Kiki NY
> 5-17 46th Road
> Long Island City, NY 11101
> tel. +1.718.706.2213
> fax. +1.718.706.2218/+1.718.732.2938
>
>
> -----Original Message-----
> From: Paul Schimmel [mailto:pschimmel@moca.org]
> Sent: Tuesday, August 14, 2007 5:46 PM
> To: Yuko Sakata; Mika Yoshitake

MOCA006961

> Cc: Masako Iida; Melissa Altman
> Subject: RE: Several additional works
>
> Dear Yuko,
>
> Thank you for forwarding Takashi's proposal regarding the new
> paintings inside the Louis Vuitton boutique. I would like to ask
> Takashi a few questions before we proceed with this.
>
> First, I would like to know whether Takashi has ever shown any of his
> paintings inside an LV boutique before. I also would like to know
> whether it is Takashi's intention to blur the distinction between the
> boutique and the rest of the exhibition.
>
> Considering we already have three large-scale LV paintings, "World of
> Sphere" (2003), and the white and black pair, Eye Love SUPERFLAT (2003
> and 2004), which will be displayed at the bottom of the staircase in
> the Mr. Pointy room, I feel that this series is already well
> represented in the exhibition.
>
> If this is going to happen, the arrangements will have to be handled
> by LVMH. We will have to maintain our policy of separation between
> LVMH's arrangements for the show and the exhibition. In other words,
> LVMH would have to be the ones to borrow the works, pay for shipping,
> etc.
>
> While I respect Takashi's vision, I do feel uncomfortable about this
> idea, and believe the shop be kept separate from the exhibition.
>
> Thanks and I look forward to hearing from you.
>
> With best wishes,
>
> Paul
>
> Paul Schimmel
>
> Chief Curator
>
> MOCA THE MUSEUM OF CONTEMPORARY ART
>
> tel 213/ 621-1753 fax 213/620-8674
> -----Original Message-----
> From: Yuko Sakata [mailto:yuko@kaikaikikiny.net]
> Sent: Tuesday, August 14, 2007 9:24 AM
> To: Paul Schimmel; Mika Yoshitake
> Cc: 'Masako Iida'; Melissa Altman
> Subject: Several additional works
>
> Dear Paul,
>
> I hope all is well.
> I wanted to let you know although this is still in the process of
> developing, that there will be 9 additional works Takashi would like
> to show within the LV boutique (please see attached). As they are
> works coming from
> us (Japan) we would like to obtain the loan form for these works as
> well.
>
> 400x400x50.8mm canvas stretched on aluminum frame (7 pieces)
> 1100x1100x50.8m acrylic on canvas stretched on aluminum frame (2
> pieces)
>
> Would you let me know if this will be okay?
> I'm sorry there isn't too much detailed information but please let me
> know if you have any questions.
>
> Thank you so much!

```
> All the best,
> Yuko
>
> Yuko Sakata
> Kaikai Kiki NY
> 5-17 46th Road
> Long Island City, NY 11101
> tel. +1.718.706.2213
> fax. +1.718.706.2218/+1.718.732.2938
>
>
>
>
>
>
```

MOCA006963

------ Forwarded Message
**From:** Michelle Matthews <mmatthews@moca.org>
**Date:** Mon, 06 Aug 2007 14:30:25 -0700
**To:** Cristin Donahue <cdonahue@moca.org>
**Conversation:** LV store release
**Subject:** FW: LV store release


Michelle Matthews
Designer
**MOCA THE MUSEUM OF CONTEMPORARY ART**
250 S. Grand Avenue, Los Angeles, CA 90012
tel 213/621-1795 fax 213/620-8674

http://www.moca.org

------ Forwarded Message
**From:** Michelle Matthews <mmatthews@moca.org>
**Date:** Mon, 06 Aug 2007 12:37:05 -0700
**To:** Yuko Sakata <yuko@kaikaikikiny.net>
**Cc:** Lyn Winter <lwinter@moca.org>
**Conversation:** LV store release
**Subject:** Re: LV store release

The updated press release with Takashi's updated comment is attached.
Michelle


On 8/6/07 11:03 AM, "Yuko Sakata" <yuko@kaikaikikiny.net> wrote:

Dear Michelle and Lyn,

Thank you for your patience with this matter, I have checked the final LV store release with Takashi.

He would like his comment to be replaced as follows:

With an independent value system, an entirely new market will follow.
I believe that the art market surrounding me will be able to include both mass-market fashion products and high art, and I will present a new artwork/product in the Louis Vuitton Boutique for (c) MURAKAMI.

Otherwise, he has approved the rest of the release as is.
Thank you so much!!

All the best,
Yuko

Yuko Sakata
Kaikai Kiki NY
5-17 46th Road
Long Island City, NY 11101
tel. +1.718.706.2213
fax. +1.718.706.2218/+1.718.732.2938

---

**From:** Michelle Matthews [mailto:mmatthews@moca.org]
**Sent:** Friday, August 03, 2007 6:37 PM
**To:** Yuko Sakata
**Cc:** Lyn Winter
**Subject:** FW: LV store release

MOCA001451

**Subject: MOCA canvas**
**Date:** Sunday, October 7, 2007 1:10 PM
**From:** Aaron Talbott <IMCEAEX-_O=FIRST+20ORGANIZATION_OU=FIRST+20ADMINISTRATIVE
+20GROUP_CN=RECIPIENTS_CN=ATALBOTT@exch017.msoutlookonline.net>
**To:** <Yuko@kaikaikiki.co.jp>
**Cc:** Chrystal Telfian <ctelfian@infinityrp.com>

Hello Yoko Sakata,

I was informed today that you will arrange a shipment for Mr. Murakami of the MOCA stretched canvas for my review to ensure the production pieces are the same construction.

I am aware that Oct 8 is a holiday and therefore no shipments will leave until Tuesday. If the package ships Tuesday Oct 9 via FEDEX it will deliver Wednesday Oct 10.  If you use cannot use Fedex, please inform me the delivery date because depending on the date I may need it shipped somewhere else.  Also, please send all tracking information.

My address is:
Infinity Global Packaging
3329 Cutshaw Ave
#7
Richmond, VA 23230

Please let me know if you have any questions or concerns.

Best regards,
Aaron

Aaron Talbott
Infinity Global Packaging
atalbott@infinityrp.com
+1.804.477.7696 (office)
+1.804.690.5886 (mobile)

**IGP 00509**

**Subject: RE: MOCA canvas**
**Date:** Tuesday, October 9, 2007 10:59 AM
**From:** Yuko Sakata <yuko@kaikaikikiny.net>
**To:** Chrystal Telfian <ctelfian@infinityrp.com>, Aaron Talbott <atalbott@infinityrp.com>
**Cc:** Marc Mauclair <m.mauclair@fr.vuitton.com>, Masako Iida <masako@kaikaikikiny.net>, Joshua Weeks <joshua@kaikaikikiny.net>

Dear Chrystal and Aaron,

The canvas sample has been sent out to Aaron's attention to the Richmond address- the tracking number is
It should arrive by 10am or so on the 10th.                    **REDACTED**

Please let me know when you receive it, and also if you have any questions!
All best,
Yuko


Yuko Sakata
Kaikai Kiki NY
5-17 46th Road
Long Island City, NY 11101
tel. +1.718.706.2213
fax. +1.718.706.2218/+1.718.732.2938

**From:** Chrystal Telfian [mailto:ctelfian@infinityrp.com]
**Sent:** Monday, October 08, 2007 1:10 PM
**To:** Yuko Sakata; Marc Mauclair
**Cc:** Aaron Talbott
**Subject:** Re: MOCA canvas

Hello Yuko,

Thank you for your email.

Our fedex number is                    .  Please use reference "4 canvas" on the shipping
documents.

The other ship to address is
Lucious Hudson
attn: Horacio Ocampo
1700 West 135th Street
Gardena, CA 90249

**Page 1 of 4**

IGP 01817

**Subject: Tr : RE: Packaging for MOCA**
**Date:** Monday, October 8, 2007 5:45 AM
**From:** Malena Bem <m.bem@fr.vuitton.com>
**To:** Chrystal Telfian <ctelfian@infinityrp.com>, Aaron Talbott <atalbott@infinityrp.com>

Dear Chrystal and Aaron,

Have you seen Yuko on Sunday? Any news?

Thanks in advance,

Malena Kominsky - BEM
Direction Industrielle
Service Achats
Tél:01.55.80.36.47
Fax:01.55.80.30.98
----- Réacheminé par Malena BEM/FR/Vuitton le 08/10/2007 11:37 -----

| "Yuko Sakata" <yuko@kaikaikikiny.net> | 06/10/2007 00:30 | |
|---|---|---|
| "'Marc MAUCLAIR'" <m.mauclair@fr.vuitton.com>, "'Malena BEM'" <M.BEM@fr.vuitton.com> | | A |
| "'Masako Iida'" <masako@kaikaikikiny.net> | | cc |
| RE: Packaging for MOCA | | Objet |

Dear Marc and Malena,

Thank you very much for your arrangements, and Marc, I have gotten in touch with Chrystal (spell?) about looking at the samples here in NY on Sunday.

Thanks again!
All the best,

Page 1 of 2

IGP 00506

Yuko

Yuko Sakata
Kaikai Kiki NY
5-17 46th Road
Long Island City, NY 11101
tel. +1.718.706.2213
fax. +1.718.706.2218/+1.718.732.2938

========================================================================
====== ATTENTION : Ce message et ses éventuelles pièces jointes sont adressés exclusivement
à l'intention de leur(s) destinataire(s) et leur contenu est strictement confidentiel. Si vous
recevez ce message par erreur, merci de le détruire et d'en avertir immédiatement
l'expéditeur. Si vous n'êtes pas destinataire, vous n'êtes pas autorisé à utiliser, à copier ou à
divulguer le contenu du message ou ses pièces jointes en tout ou en partie. L'Internet ne
permettant pas d'assurer l'intégrité de ce message et/ou des pièces jointes, notre société
décline toute responsabilité dans l'hypothèse où il(s) aurai(ent) été intercepté(s) ou modifié(s)
par quiconque. Les précautions raisonnables ayant été prises pour éviter que des virus ne
soient transmis par ce message et/ou d'éventuelles pièces jointes, notre société décline toute
responsabilité pour tout dommage causé par la contamination de votre système informatique.
========================================================================
====== WARNING: This message and its possible attachments are intended solely for the
addressees and are confidential. If you receive this message in error, please delete it and
immediately notify the sender. If you are not the intended recipient you are not allowed to
use, copy or disclose the contents or attachments in whole or in part. The Internet can not
guarantee the integrity of this message and/or its possible attachments. Our Company shall
not therefore be liable for this message if modified or intercepted by anyone. As reasonable
precautionary measures have been implemented to prevent the transmission of viruses within
this message and/or its possible attachments, our company refuses to accept any responsibility
for any damage caused by the contamination of your information system.

**IGP 00507**

1   BARACK FERRAZZANO
       KIRSCHBAUM & NAGELBERG LLP
2   Robert E. Shapiro (Admitted *Pro Hac Vice*)
    Email:    rob.shapiro@bfkn.com
3   Rachael M. Trummel (Admitted *Pro Hac Vice*)
    Email:    rachael.trummel@bfkn.com
4   200 W. Madison Street
5   Chicago, Illinois 60606
    Telephone:   (312) 984-3100
6   Facsimile:   (312) 984-3150

7   STEPTOE & JOHNSON LLP
    Mark A. Neubauer (SBN 73728)
8   Email:    mneubauer@steptoe.com
    Rebecca Edelson (SBN 150464)
9   Email:    redelson@steptoe.com
10  2121 Avenue of the Stars, Suite 2800
    Los Angeles, California 90067-5052
11
    Telephone:   (310) 734-3200
12  Facsimile:   (310) 734-3300

13
14  Attorneys for Defendant
    LOUIS VUITTON NORTH AMERICA, INC.

15              UNITED STATES DISTRICT COURT

16      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| 17   CLINT ARTHUR, individually and on behalf of a class of similarly situated persons,<br><br>19              Plaintiff,<br><br>21      vs.<br><br>22   LOUIS VUITTON NORTH AMERICA, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>25              Defendants. | Case No.: CV 08-04731 AHM (FFMx)<br>(Assigned to Hon. A. Howard Matz)<br><br>**DECLARATION OF MARC MAUCLAIR IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, ALTERNATIVELY, SUMMARY ADJUDICATION**<br><br>**[PUTATIVE CLASS ACTION]**<br><br>Date:       January 4, 2010<br>Time:       10:00 am<br>Place:      Courtroom 14<br>                312 N. Spring Street<br>                Los Angeles, CA  90012<br>Non-Expert Discovery Cut Off: 5/17/10<br>Expert Discovery Cut Off: 7/12/10<br>Trial:      8/24/10 |

26
27
28

## DECLARATION OF MARC MAUCLAIR

I, Marc Mauclair, declare as follows:

1.    I am Director of International Development of Production for Louis Vuitton Malletier, S.A. ("LVM"). Until recently, I was Purchasing Manager for canvasses for LVM. I live in Saint-Nom-la-Breteche, and I work in Paris, France.

2.    I have personal knowledge of the facts set forth in this declaration, and, if called and sworn as a witness in this lawsuit, I would and could testify as set forth in this Declaration. My first language is French.

3.    Since 2002, LVM has been involved in a commercial collaboration with celebrated Japanese pop artist Takashi Murakami ("Murakami"), who has created patterns for textiles that are based on the Louis Vuitton logo. Those textiles were originally used by LVM to manufacture a variety of merchandise, including handbags and accessories. As Purchasing Manager for LVM, I became very familiar with these Murakami canvas materials, I met Mr. Murakami himself, and I worked closely with members of Mr. Murakami's staff to implement Mr. Murakami's vision for the Editioned Canvases on Chassis ("Editioned Canvases").

4.    From October 29, 2007 until February 11, 2008, the Los Angeles Museum of Contemporary Art ("MOCA") hosted a retrospective exhibition of Mr. Murakami's creations.

5.    In recognition of his long-time collaboration between Louis Vuitton and Mr. Murakami, Louis Vuitton North America, Inc. ("LVNA") opened a temporary Louis Vuitton store on the floor of the Exhibition ("LV Boutique"). Among other things, it is my understanding that this store was to be part of the exhibit itself to demonstrate Mr. Murakami's vision regarding the blending of fine, commercial and industrial arts.

6.    The LV Boutique offered the same Murakami-themed merchandise available at other Louis Vuitton stores, as well as five series of editioned artworks (100 artworks per series) produced in a collaboration between Mr. Murakami and

1

DECLARATION OF MARC MAUCLAIR

Doc. # CC-216782 v.1



1  Louis Vuitton ("Editioned Canvases"). The five series of Editioned Canvases were

2  titled: (1) Monogram Mini Multicolore - White; (2) Monogram Mini Multicolore -

3  Black; (3) Monogram Multicolore - White; (4) Monogram Multicolore - Black;

4  and (5) Monogram Cherry.

5        7.   The Editioned Canvases included the same textiles Mr. Murakami had

6  previously created for use on Louis Vuitton handbags and accessories. As stated in

7  the related brochure, Mr. Murakami "revisited" these textiles in the form of the

8  Editioned Canvases, where the canvas material was "hand mounted on a 16 x 16

9  chassis."

10        8.   Each Editioned Canvas is a unique, fully integrated item. It comprises

11  a piece of original canvas with one of the "Monogram" textile patterns designed by

12  Mr. Murakami, which was stretched on a special chassis. Not only were the

13  chassis selected by Mr. Murakami, each work was signed on the chassis by Mr.

14  Murakami and the chassis was engraved with Mr. Murakami's copyright insignia.

15        9.   The Editioned Canvases were conceived by, designed by,

16  implemented under the direction of, inspected, approved and selected by, and

17  signed by Mr. Murakami. Not only was it Mr. Murakami's idea to take the

18  original canvas material he had created for Louis Vuitton and stretch it on a chassis

19  for display, but Mr. Murakami oversaw every aspect of the production of the

20  Editioned Canvases thereafter. I worked with Mr. Murakami, his executive

21  manager, and other members of his staff (by email, by phone, and in person), in

22  every instance performing my tasks at the direction of Mr. Murakami. This

23  included everything from decisions about the nature, size, and component parts of

24  the work, to the placement of the staples, to the pens (including type, color, and

25  size) Mr. Murakami used to sign the work on its chassis.

26      10.   More specifically:

27          a.   Murakami selected which textiles were to be used on the works;

28

2

DECLARATION OF MARC MAUCLAIR

b.   Murakami determined the size of the original canvas material to be used;

c.   Murakami selected the chassis (size, material, and other elements affecting its appearance) to be used with each work;

d.   Murakami determined how precisely each fold in the canvas was to be made at the corners of the chassis;

e.   Murakami determined the kind, placement, and spacing of the staples used to secure the original canvas material to the chassis;

f.   Murakami determined the specifications for the custom packaging for the Editioned Canvases to ensure that no part of his artwork would be damaged during shipping or even touched by the external packaging;

g.   Murakami personally inspected and approved each of the Editioned Canvases, discarding those that did not meet his personal standards and selecting those that were to become part of the five series of Editioned Canvases;

h.   Murakami personally signed each of the approved Editioned Canvases with a pen, the size, color and type of which he had personally selected.

11.   I attach a picture that I know to be Mr. Murakami signing the Editioned Canvases on the chassis themselves.

12.   The Editioned Canvases, as fully integrated artworks, are not reproductions or copies of any "master" work. Each Editioned Canvas was individually created and minor differences exist from one Editioned Canvas to another.

13.   The Editioned Canvases were priced at $6,000 (US) each for units 1-50 in each series and at $10,000 each for units 51-100 in each series. By

3

DECLARATION OF MARC MAUCLAIR

Doc. # CC-216752 v.1

1   comparison, the price of the handbags (featuring Murakami's textile patterns for

2   Louis Vuitton) offered for sale at the Louis Vuitton boutique at MOCA ranged

3   from several hundred dollars to several thousand dollars.

4       I declare under penalty of perjury under the laws of the United States of

5   America that the foregoing is true and correct based on my personal knowledge.

6

7       Executed on November 25, 2009, at _____Paris_____

8

9

10      Marc Mauclair

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

DECLARATION OF MARC MAUCLAIR

Doc. # CC-216762 v.1



**Subject:** LV
**Date:** Sunday, October 7, 2007 12:45 PM
**From:** Richard Hirt <rhirt@infinityrp.com>
**Reply-To:** <rhirt@infinityrp.com>
**To:** Aaron Talbott <atalbott@infinityrp.com>, Chrystal Telfian <ctelfian@infinityrp.com>

Comments:

Large logo (not small)
Black logo (filled in) - however the black filled in logo needs to be consistent - the sample had darker and lighter areas - it was not consistent - it needs to be consistent - dark black and filled in evenly - not black in some areas ans dark gray in other areas.

Black pen will be used for signature.

Issues:

The canvas buckes a bit on the back edge - so there are a couple of small buckles - the canvas must lay flat onto the frame on the back. These buckles or bumps are on the back of the frame between the staples and the edge of the canvas.

The side corners wrap - does not go perfectly to the corner - the side wrapped corners must go exactly to the edge.  So the corners - SIDE form perfect 90 degree angles - right now the corner fold is a few mm in from the corner instead od all the way to the edge of the corner.

There were really no comments about the staples.

yoko Sakata is going to arrange to send the original sample from Japan for wrapping the canvas onto the frame  construction. Please email Yuko today with address of where to send this original sample. Yuko's address is:

Yuko@kaikaikiki.co.jp
Sent from my BlackBerry® wireless handheld

**Page 1 of 1**

**IGP 00510**

Tuesday, July 27, 2010 11:22 AM

**Subject: RE: Packaging for MOCA**
**Date:** Tuesday, October 9, 2007 10:44 AM
**From:** Yuko Sakata <yuko@kaikaikikiny.net>
**To:** Marc Mauclair <m.mauclair@fr.vuitton.com>, Malena Bem <m.bem@fr.vuitton.com>
**Cc:** Masako Iida <masako@kaikaikikiny.net>, Chrystal Telfian <ctelfian@infinityrp.com>, Joshua Weeks
<joshua@kaikaikikiny.net>

Dear Marc and Malena,

I hope all is well for you.
I trust you have been informed by Chrystal or Richard that we have had a quick and good
meeting on Sunday and Takashi has decided on:

1) Engraving: Larger size in black.
However, on the sample the black ink was not applied uniformly crisp, so the engraving will
have to be uniformly pitch black.

2) Signing: Black marker.

3) Canvas stretching: Overall method is okay.
However, the corner folding needs to be crisper and right on to the edge, and there shouldn't
be any canvas gathering at any one place in the back.
We are FedExing our sample to Infinity (address obtained already from Chrystal).


In Japan we have received the box sample, so Takashi will review it when he gets back (he just
left NY office and is heading for the airport).  We have a question in the meantime:
1) The lid of the sample box doesn't close all the way when you place the canvas inside- will it
be deeper in reality?
2) Do you envision placing the stretched canvas directly into the box (attached)?  Or will there
be any cushions or wrapping that will protect the canvas?
3) How will the certificate be placed inside the box?  Any detail will be appreciated.


Thank you!
All the best,
Yuko

Yuko Sakata
Kaikai Kiki NY
5–17 46th Road
Long Island City, NY 11101

Page 1 of 10

**IGP 01821**

**Cc:** Aaron Talbott
**Subject:** FW: MOCA canvas


------ Forwarded Message
**From:** Aaron Talbott <ATalbott@infinityrp.com>
**Date:** Sun, 7 Oct 2007 13:10:59 -0400
**To:** <Yuko@kaikaikiki.co.jp>
**Cc:** Chrystal Telfian <ctelfian@infinityrp.com>
**Conversation:** MOCA canvas
**Subject:** MOCA canvas

Hello Yuko Sakata,

I was informed today that you will arrange a shipment for Mr. Murakami of the MOCA stretched canvas for my review to ensure the production pieces are the same construction.

I am aware that Oct 8 is a holiday and therefore no shipments will leave until Tuesday. If the package ships Tuesday Oct 9 via FEDEX it will deliver Wednesday Oct 10.  If you use cannot use Fedex, please inform me the delivery date because depending on the date I may need it shipped somewhere else.  Also, please send all tracking information.

My address is:
Infinity Global Packaging
3329 Cutshaw Ave
#7
Richmond, VA 23230

Please let me know if you have any questions or concerns.

Best regards,
Aaron

Aaron Talbott
Infinity Global Packaging
atalbott@infinityrp.com
+1.804.477.7696 (office)
+1.804.690.5886 (mobile)


------ End of Forwarded Message

**Page 3 of 4**

**IGP 01819**

1   and belief, that the brochure was prepared by unknown persons at Takashi

2   Murakami's company, Kaikai Kiki Ltd., with the assistance of persons employed

3   by Louis Vuitton Malletier in France.

4       LVNA's investigation is continuing and it will supplement its answer to this

5   Interrogatory to the extent necessary during the course of discovery.

6

7   **INTERROGATORY NO. 21.**

8       State all facts that support YOUR allegation that "LVNA acted in good faith

9   at all times," as set forth at page 14, line 27 of YOUR answer on file herein.

10  **ANSWER TO INTERROGATORY NO. 21.**

11      LVNA objects to this Interrogatory to the extent it seeks information

12  protected from disclosure by the attorney-client privilege, work product doctrine,

13  joint defense doctrine, or any other discovery privilege or immunity cognizable

14  under any applicable law or rule of court.  Subject to and without waiving this or

15  its General Objections, LVNA denies that the California Fine Prints Act applies

16  and further states that the following facts support its allegation that it "acted in

17  good faith at all times":

18      1.    The Editioned Canvases are what they were represented to be –

19  specifically, as stated on the Certificates of Authenticity, the Editioned Canvases

20  are 5 series of limited edition artworks produced in collaboration between Louis

21  Vuitton (*i.e.*, Louis Vuitton Malletier) and the artist Takashi Murakami in which

22  Murakami revisits the "Monogram" designs he previously created for Louis

23  Vuitton (the French parent).   Not only did Murakami create the "Monogram"

24  textile designs featured in the Editioned Canvases in the first instance, but he also

25  conceived of the idea to revisit those designs in the form of the Editioned

26  Canvases.  The artist Murakami was involved in every material aspect of the

27  creation of the Editioned Canvases, including, but not limited to, determining what

28  size the canvas and supporting chassis would be, selecting the chassis, determining

14

Doc. # CC-211572 v.1

**INTERROGATORY NO. 19.**

PERSONALLY IDENTIFY all PERSONS who directly participated in creating OR writing OR drafting OR translating the CERTIFICATES OF AUTHENTICITY.

**ANSWER TO INTERROGATORY NO. 19.**

LVNA objects to this Interrogatory on the grounds that it is vague and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these or its General Objections, LVNA states that it was not involved in creating, writing, drafting, or translating the Certificates of Authenticity accompanying each Editioned Canvas. Further answering, LVNA states, on information and belief, that the Certificates of Authenticity were prepared by Takashi Murakami's company, Kaikai Kiki Ltd., with the assistance of persons employed by Louis Vuitton Malletier in France.

LVNA's investigation is continuing and it will supplement its answer to this Interrogatory to the extent necessary during the course of discovery.

**INTERROGATORY NO. 20.**

PERSONALLY IDENTIFY all PERSONS who directly participated creating OR writing OR drafting OR translating the "Brochure" that is referenced at paragraph 16 (page 5, lines 14-17) of Plaintiff's Second Amended Complaint.

**ANSWER TO INTERROGATORY NO. 20.**

LVNA objects to this Interrogatory on the grounds that it is vague and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these or its General Objections, LVNA states that it was not involved in creating, writing, drafting, or translating the brochure referenced at paragraph 16 of Plaintiff's Second Amended Complaint. Further answering, LVNA states, on information

13

5.      Reporters from various media outlets, including, but not limited to, Mike Boehm of the *Los Angeles Times*.

6.      Alison Savitch, Plaintiff's wife, who, upon information and belief, resides with Plaintiff in Los Angeles, CA.

7.      Dr. Stuart Glassman, to whom Plaintiff directed LVNA to ship the Certificates of Authenticity for his Editioned Canvases.  Based on shipping directions provided by Plaintiff in connection with his purchase, LVNA states that Dr. Glassman resides in Concord, New Hampshire.  On information and belief, LVNA states that Plaintiff has personal contact information for Dr. Glassman.

8.      Paul Schimmel, the chief curator of MOCA.  On information and belief, Mr. Schimmel may be contacted through MOCA's counsel.

LVNA is currently unaware of any other persons who communicated with Plaintiff concerning the Editioned Canvases after his purchasing one.  LVNA's investigation is continuing and it will supplement its answer to this Interrogatory to the extent necessary during the course of discovery.

**INTERROGATORY NO. 19.**

PERSONALLY IDENTIFY all PERSONS who directly participated in creating OR writing OR drafting OR translating the CERTIFICATES OF AUTHENTICITY.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 19:**

LVNA objects to this Interrogatory as overbroad and not reasonably calculated to lead to the discovery of admissible evidence to the extent it purports to require the disclosure of personal contact information for persons who may be contacted through counsel known to Plaintiff's counsel or for persons for whom Plaintiff already has contact information.  LVNA also objects to this Interrogatory to the extent it calls for the disclosure of private, personal contact information in the absence of an appropriate protective order governing the use and dissemination of confidential information.

17

1    Subject to and without waiving its objections, LVNA states that it was not
2   involved in creating, writing, drafting, or translating the Certificates of
3   Authenticity accompanying each Editioned Canvas.  Further answering, LVNA
4   states, on information and belief, that the Certificates of Authenticity were
5   prepared by Murakami's company, Kaikai Kiki Ltd., with the assistance of persons
6   employed by LVM in France.  Further answering, LVNA states that Stephanie
7   Blanchet, a member of LVM's Marketing and Communication Direction
8   Department, facilitated the printing of replacements for certain Certificates that had
9   been lost in transit or misplaced by purchasers of the Editioned Canvases.  Ms.
10   Blanchet may be contacted through LVNA's counsel of record.  Because LVNA
11   did not create, write, draft, or translate the Certificates of Authenticity and does not
12   control LVM, Murakami, or Kaikai Kiki Ltd., LVNA does not have further
13   information responsive to this Interrogatory.

14    LVNA's investigation is continuing and it will supplement its answer to this
15   Interrogatory to the extent necessary during the course of discovery.

16   **INTERROGATORY NO. 20.**

17    PERSONALLY IDENTIFY all PERSONS who directly participated
18   creating OR writing OR drafting OR translating the "Brochure" that is referenced
19   at paragraph 16 (page 5, lines 14-17) of Plaintiff's Second Amended Complaint.

20   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 20:**

21    LVNA objects to this Interrogatory as overbroad and not reasonably
22   calculated to lead to the discovery of admissible evidence to the extent it purports
23   to require the disclosure of personal contact information for persons who may be
24   contacted through counsel known to Plaintiff's counsel or for persons for whom
25   Plaintiff already has contact information.  LVNA also objects to this Interrogatory
26   to the extent it calls for the disclosure of private, personal contact information in
27   the absence of a protective order.

28

18

1        Subject to and without waiving its objections, LVNA states that it was not
2   involved in creating, writing, drafting, or translating the brochure. Further
3   answering, LVNA states, on information and belief, that the brochure was prepared
4   by unknown persons at Takashi Murakami's company, Kaikai Kiki Ltd., with the
5   assistance of persons employed by LVM in France. Because LVNA did not create,
6   write, draft, or translate the brochure and does not control LVM, Murakami, or
7   Kaikai Kiki Ltd., LVNA does not have further information responsive to this
8   Interrogatory.

9        LVNA's investigation is continuing and it will supplement its answer to this
10  Interrogatory to the extent necessary during the course of discovery.

11  **INTERROGATORY NO. 21.**

12       State all facts that support YOUR allegation that "LVNA acted in good faith
13  at all times," as set forth at page 14, line 27 of YOUR answer on file herein.

14  **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 21:**

15       LVNA objects to this Interrogatory to the extent it seeks information
16  protected from disclosure by the attorney-client privilege, work product doctrine,
17  joint defense doctrine, or any other discovery privilege or immunity cognizable
18  under any applicable law or rule of court. Although the advice of its counsel may
19  support its good faith, LVNA has not relied on the advice of its counsel to support
20  its allegation of good faith. Therefore, requiring LVNA to state here any such
21  advice would be an improper invasion of privilege. Finally, LVNA notes that the
22  Answer to which this Interrogatory is directed (*i.e.,* LVNA's Answer to Plaintiff's
23  Second Amended Complaint) has been superseded by LVNA's answer to
24  Plaintiff's Third Amended Complaint.

25       Subject to and without waiving its objections, LVNA states that the
26  following facts support its allegation that it "acted in good faith at all times":

27      1.    The Editioned Canvases are what they were represented to be –
28  specifically, as stated on the Certificates of Authenticity, the Editioned Canvases

Doc. # CC-216915 v.1

## AFFIRMATION OF SERVICE

Lawrence C. Glynn, an attorney duly admitted to practice law in the State of New York, affirms under penalties of perjury and says upon information and belief:

1.    I am a member of the firm of CARUSO GLYNN LLC, attorneys for the plaintiff. I am not a party to this action and am over 18 years of age.

2.    On September 3, 2010, I served the annexed Motion to Compel upon the following:

> Jackie Joseph, Esq.
> **Eisner, Frank & Kahan, P.C.**
> Attorney for Non-Party Witness
> *Yuko Sakata*
> 9601 Wilshire Boulevard
> Beverly Hills, California 90210
> (310) 855-3200

at the addresses designated by said attorneys for that purpose, by depositing true copies of same enclosed in postpaid, properly addressed wrappers in an official depository under the exclusive care and custody of the United States Postal Services within the State of New York.

Dated: Fresh Meadows, New York
         September 3, 2010

Lawrence C. Glynn